UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-529-FDW
(3:07-cr-136-FDW-1)

| | |
|---|---|
| **DESHAWN HULL,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response to the Motion to Vacate, (Doc. No. 6).

**I. BACKGROUND**

On June 26, 2007, Petitioner was charged by the Grand Jury for the Western District of North Carolina in a five-count bill of indictment, alleging various drug and firearm offenses. (Case No. 3:07cr136: Doc. No. 1: Indictment). On October 5, 2007, Petitioner pled guilty without a plea agreement to possession with intent to distribute crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; using, carrying, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Id., Doc. No. 7: Acceptance and Entry of Guilty Plea; Doc. No. 14: Judgment).

In calculating Petitioner's base offense level for the drug count, the probation officer determined that Petitioner qualified for a base offense level of 20. (Id., Doc. No. 11 at 5). As for

1

the felon-in-possession of a firearm count, the probation officer began with a base offense level of 20 and then added two-levels because the firearm was stolen, for an adjusted offense level of 22. (Id. at 5-6). Relying on the higher adjusted offense level for the § 922(g)(1) conviction, and after applying a three-level reduction for acceptance of responsibility, the probation officer calculated an advisory guidelines range of 37-46 months' imprisonment, based on a total offense level of 19 and Petitioner's criminal history category of III. (Id. at 11). The probation officer further advised that any term of imprisonment imposed on the drug and felon-in-possession counts must be followed by a mandatory consecutive sentence of five years in light of the conviction under § 924(c). (Id.).

This Court ultimately sentenced Petitioner to 42 months' imprisonment on the § 841 drug count and the § 922(g)(1) felon-in-possession of a firearm count, each to run concurrently, and to 60 months on the § 924(c) count, to run consecutively, for a total of 102 months' imprisonment. (Id., Doc. No. 14). The Court entered judgment on September 3, 2008, and Petitioner did not appeal.

Petitioner filed the instant motion to vacate on August 17, 2012, through the Federal Defenders Office. Petitioner asserts two claims for relief in the petition. First, Petitioner moves this Court to vacate his § 922(g)(1) conviction, contending that his prior North Carolina drug-trafficking conviction does not qualify as a predicate felony offense in light of Simmons. Second, Petitioner seeks resentencing based on a recalculated base offense level and a reduction in light of the retroactive amendments to the crack cocaine guidelines. In addition to seeking relief under § 2225, Petitioner also seeks alternative relief under 28 U.S.C. § 2241, or under the writs of coram nobis or audita querela.

2

Case 3:12-cv-00529-FDW   Document 7   Filed 04/03/13   Page 2 of 9

In its Response, the Government asserts that the petition is time-barred because it was filed more than one year after Petitioner's conviction became final. The Government further states, however, that it is conceding that Petitioner is actually innocent of the § 922(g)(1) conviction. The Government is, therefore, waiving the statute of limitations as to this claim and joins Petitioner in asking the Court to vacate the § 922(g)(1) conviction. As to Petitioner's second claim that he is entitled to resentencing based on errors in the calculation of his guidelines range of imprisonment, the Government does not waive the statute of limitations as to this claim. The Government contends that this second claim is time-barred and is, in any event, without merit.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Relief under 28 U.S.C. § 2255

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f)  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As noted above, the Court entered judgment on September 3, 2008, and Petitioner did not appeal. Therefore, Petitioner's judgment became final on September 13, 2008, when his time for filing a notice of appeal expired. See FED. R. APP. P. 4(b) (2008). Petitioner's motion to vacate, filed more than four years later, is therefore untimely under § 2255(f)(1). Furthermore, none of the other subsections under § 2255(f) applies to render the petition timely.

### 1. Petitioner's Claim Challenging His Section 922(g) Conviction

Section 922(g)(1) prohibits the possession of a firearm by any person who has been convicted of "a crime punishable for a term exceeding one year." 18 U.S.C. § 922(g)(1). Interpreting nearly identical language, the Fourth Circuit held in Simmons that an offense is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison. In so doing, the Fourth Circuit overturned its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which it had held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year

4

upon conviction for that offense. See Simmons, 649 F.3d at 247. Thus, for purposes of a qualifying predicate conviction under § 922(g)(1), a predicate conviction is not "punishable for a term exceeding one year," unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

Here, Petitioner's most serious prior conviction was for possession with intent to sell or deliver cocaine, a Class H felony under the North Carolina Structured Sentencing Act. Under North Carolina General Statutes § 15A-1340.17(c) and (d), the highest sentence Petitioner could have received for that conviction was eight months. Petitioner received a suspended sentence of 4-5 months based on his prior record level of I. (Id., Doc. No. 11 at 7: PSR; see also Doc. No. 1 at 19-20 (attaching state court judgment)).

Under Simmons, then, the prior state court conviction was not for an offense punishable by more than one year in prison, and because Petitioner had no more serious prior convictions, he lacks a qualifying predicate conviction. The Government asserts that Petitioner's § 922(g)(1) conviction should, therefore, be vacated because Petitioner is actually innocent. Given the Government's waiver of the statute of limitations and that the Government has conceded actual innocence, the Court will vacate Petitioner's § 922(g)(1) conviction.[1]

**2. Petitioner's Claim Challenging the Calculation of His Offense Level for the § 841 Drug Conviction**

In his second claim, Petitioner contends, without elaboration, that he is entitled to resentencing on his § 841 drug conviction in light of the retroactive amendments to the crack

---

[1] The conclusion here does not run afoul of the Fourth Circuit's recent decision in Powell v. United States, 691 F.3d 554 (4th Cir. 2012), because in Powell the Government did not waive the one-year limitations period, nor did the Government join the petitioner in seeking to have the Court vacate Powell's convictions.

cocaine guidelines and because his base offense level was erroneously calculated. As the Court has already discussed, the petition is untimely. Furthermore, the Government states that it has not waived the statute of limitations as to this claim. Thus, the Court finds that Petitioner's second claim is denied as time-barred.

In any event, even if Petitioner's sentencing claim were not time-barred, it would still be subject to dismissal based on the merits.[2] In support of his claim seeking resentencing, Petitioner asserts two errors in the calculation of his base offense level. First, Petitioner claims that he is entitled to relief in light of the retroactive amendments to the crack cocaine guidelines. Second, Petitioner alleges that his advisory guidelines range was erroneously enhanced based on a prior conviction, possession with the intent to distribute cocaine, that no longer qualifies as a felony in light of Simmons. Petitioner does not claim, however, that his 42-month sentence was in excess of the statutory maximum. See 21 U.S.C. § 841(b)(1)(C) (establishing 20-year statutory maximum). Nor has Petitioner alleged that his 42-month sentence for his drug conviction constitutes a complete miscarriage of justice. Accordingly, Petitioner has not stated a cognizable claim for relief under § 2255 and the Government is entitled to judgment as a matter of law on Petitioner's sentencing claim. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012).

In sum, because Petitioner's sentencing claim is untimely and is nevertheless not cognizable under § 2255, Petitioner is not entitled to relief as to this claim under § 2255.

**B. Alternative Relief under 28 U.S.C. § 2241**

Next, as to potential relief under 28 U.S.C. § 2241, a petitioner seeking to attack his

---

[2] Since this second claim is without merit regardless of any untimeliness, applying equitable tolling would be futile.

6

conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under Section 2255 is "inadequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Here, Petitioner does not challenge the legality of his conviction; rather, he challenges his sentence, which he contends was based on improper prior state court convictions. As Petitioner is challenging his sentence only, he has failed to demonstrate that pursuit of relief through § 2255 is inadequate. Therefore, Petitioner cannot obtain alternative relief under 28 U.S.C. § 2241.

**C. Alternative Relief under the Writs of Error Coram Nobis or Audita Querela**

Finally, Petitioner seeks alternative relief through a writ of error coram nobis or a writ of audita querela. Coram nobis relief is only available, however, when all other avenues of relief are inadequate and where the defendant is no longer in custody. In re Daniels, 203 F. App'x 442, 443 (4th Cir. 2006) (unpublished); United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988); see also Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008) (citing cases); see also Carlisle v. United States, 517 U.S. 416, 429 (1996) (noting that "'it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or

7

appropriate'" (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947))). Here, Petitioner is in custody, rendering coram nobis relief unavailable. Similarly, audita querela relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992), and, here, Petitioner's claim does not fall within such a gap.

## IV. CONCLUSION

For these reasons, the Court vacates its judgment of conviction dated September 3, 2008, as to Petitioner's § 922(g)(1) conviction. As to Petitioner's second claim challenging the calculation of his guidelines range of imprisonment and seeking resentencing, the Court denies Petitioner's motion to vacate. Furthermore, Petitioner is not entitled to relief under any of his alternative theories.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DENIED** in part and **GRANTED** in part.

2. The Court vacates its judgment of conviction dated September 3, 2008, as to Petitioner's § 922(g)(1) conviction. As to Petitioner's second claim challenging the calculation of his guidelines range of imprisonment and seeking resentencing, the Court denies Petitioner's motion to vacate.

3. Petitioner's motion for alternative relief pursuant to 28 U.S.C. § 2241 is **DENIED**.

4. Petitioner's motion for alternative relief under the writs of coram nobis and audita querela is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: April 2, 2013

Frank D. Whitney
United States District Judge